## ALLIS VS. BENDER.

The objection to a plea, that it is not verified by affidavit, cannot be taken advantage of by demurrer; a motion to strike out was necessary.

The averment in a declaration, that the writing obligatory sued on, was made payable to the plaintiff Bender, by "the style of D. Bender & Co," was a material and traversable one, and could only have been specially traversed.

A plea, denying such allegation and averring that the writing obligatory was made payable to the plaintiff and one James A. Henry, by the style &c., of D. Bender & Co., being designed for the denial of only one of several facts alleged in the declaration, was equally good whether it concluded to the country or with a verification.

*Error to the Circuit Court of Pulaski County.*

The Hon. W. H. FEILD, Circuit Judge, presiding.

FOWLER, for the plaintiff. Where a party declares on a note or bond in his own name, averring it to have been made to him, by a different name, whether of an individual, firm or corporation, such averment is material and traversable. *Nicholay et al. vs. Kay*, 6 *Ark. Rep.* 68. *Bower et al. vs. State Bank, ib.* 236. *Pendleton vs. Bank of Ky.*, 1 *Mon. Rep.* 175. 10 *Co. Rep* 125. And such averment is not put in issue by a plea of *non est factum;* which only puts in issue the execution of the instrument. 6 *Ark. Rep.* 70. 2 *Stark. Ev.* (5 *Amer. Ed.*) 270. 17 *Wend.* 144, 8 *ib.* 451. 15 *ib.* 509.

The objection that the plea was not sworn to could be taken advantage of only by a motion to strike out, and not by demurrer. *Mayor &c. vs. State Bank*, 8 *Ark. Rep.* 230. *State Bank vs. Ward, ib.* 507. *Hardwick vs. Campbell, &c.*, 7 *ib.* 121. *Wilson, &c. vs. Shannon, &c.*, 6 *ib.* 198.

BALDWIN, for the defendant, referred to *secs.* 1 *and* 3, *ch.* 1 *Rev. Stat.*, that the plea should have been sworn to.

Mr. Justice SCOTT, delivered the opinion of the Court.

The declaration was in debt upon a writing obligatory, averring that it was made by the defendant, Allis, payable to the *plaintiff*, Bender, "by the style of D. Bender, & Co." At the return term, after oyer granted, Allis pleaded that he did not make

the writing obligatory, payable to the plaintiff, Bender, by the style of D. Bender & Co., as alleged in the declaration, but that he made it payable to said Bender and one James A. Henry, as partners, by the name, style, description and firm of D. Bender & Co., and of which he put himself upon the country. A demurrer was interposed, and the causes assigned were : 1st, that the plea was not sworn to ; 2d, that it concluded to the country, and not with a verification ; and 3d, that it was frivolous. The demurrer was sustained and final judgment was rendered for the plaintiff below, and the cause brought here by writ of error.

According to the course of decisions in this court, the demurrer did not reach the first objection. To do this a motion to strike out was necessary. (*Wilson & Turner vs. Shannon & wife,* 1 *Eng. R.* 196. *Hardwick et al. vs. Campbell, &c.,* 2 *Eng. R.* 118. *Mayor & Aldermen of Little Rock vs. State Bank,* 3 *Eng. R.* 227. *State Bank vs. Ward,* 3 *Eng. R.* 506. *Knott vs. Clements ad.* 13 *Ark. R.* 335.)

The averment in the declaration that the writing obligatory in question, was made payable to the *plaintiff, Bender, by the style of D. Bender & Co.,* was a material and traversable one, according to the decisions in the cases of *Bower et al. vs. State Bank,* 5 *Ark.* 236, and *Nicholay et al. vs. Kay,* 1 *Eng. R.* 70. And although, in general, it is the property of the plea of the "general issue," in any form of action, to deny all the facts set forth in the declaration, and to put the plaintiff on proof of every essential fact alleged by him, it was expressly ruled, in the last mentioned case, that the plea of *non est factum* would not traverse an allegation like this in question, and that that plea putting in issue only the sealing and delivery of the writing obligatory, admitted as true all the other material allegations in the declaration. From this then it follows that the allegations in question could only have been specially traversed. This was the object contemplated by the plea in question; the legal sufficiency only of which, and not its form, or want of verification by affidavit, is brought in question by the demurrer.

As a special traverse, designed for the denial of only one of the

**628**   CASES IN THE SUPREME COURT

several facts alleged in the declaration, although it contained other matter, and was otherwise objectionable upon special demurrer, before that was abolished, it properly concluded to the country. And it would have been equally good in substance, had it concluded with a verification, (1 *Saunders* 103, *a. b. n.* (3,) tendering as it would have done, a material issue and admitting; as the plea did, the truth of all the other allegations contained in the declaration.

The plea was therefore not frivolous, but good in substance, and the demurrer should have been overruled.

The judgment must be reversed and the cause remanded to be proceeded with.